UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOBBY L. FRANKLIN, | Case No.: 2:07-cv-01400-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#12; |
| MARK CHATTERTON; DON LAUGHLIN; THOMAS SMITLEY; UNITED STATES OF AMERICA; BRUCE WOODBURY, et al., | Motion to Dismiss–#14; Motion for Declaratory Judgment–#27; Motion to Dismiss–#30; Motion to Dismiss–#38) |
| Defendants. | |

Before the Court is Defendant Bruce Woodbury's **Motion to Dismiss, or in the alternative, Motion for More Definite Statement** (#12), filed December 28, 2007. The Court has also considered Plaintiff Bobby Franklin's Opposition (#22), filed January 16, 2008, and Woodbury's Reply (#28), filed January 28, 2008.

Also before the Court is Defendant Don Laughlin's **Motion to Dismiss, or in the alternative, Motion for More Definite Statement** (#14), filed December 28, 2007. The Court has also considered Plaintiff's Opposition (#23) and affidavit (#24), filed January 16, 2008, and Laughlin's Reply (#33), filed January 30, 2008.

Also before the Court is Defendant Thomas Smitley's **Motion to Dismiss** (#30), filed January 28, 2008. The Court need not await Plaintiff's Opposition.

1   Also before the Court is Defendants Mark Chatterton and the United States of
2   America's **Motion to Dismiss** (#38), filed February 6, 2008. The Court need not await Plaintiff's
3   Opposition.
4   Also before the Court is Plaintiff's **Motion for Declaratory Judgment Pursuant**
5   **to Federal Rules of Civil Procedure** (#27), filed January 18, 2008. The Court has also
6   considered Woodbury's Opposition (#32), filed January 29, 2008, Chatteron and the United States'
7   Opposition (#36), filed February 4, 2008, and Laughlin's Opposition (#37), filed February 6, 2008.
8   The Court need not await Plaintiff's Reply.

**BACKGROUND**

10   This case arises out of the denial of Plaintiff's 1988 Desert Land Entry ("DLE")
11   application to acquire property under the Desert Land Act, 43 U.S.C. §§ 321 *et seq*. This Act
12   allows individuals to claim up to 320 acres of unappropriated public desert lands by asserting that
13   they intend to reclaim the lands for irrigated agriculture. "Desert lands" are defined as "[a]ll lands
14   exclusive of timber lands and *mineral lands* which will not, without irrigation, produce some
15   agricultural crop." § 322 (emphasis added).
16   In 1988, Plaintiff filed a DLE application for the property at issue. The Bureau of
17   Land Management ("BLM") denied the application because the property was the subject of prior
18   mining claims. Plaintiff properly appealed the denial to the Interior Board of Land Appeals
19   ("IBLA"), which reversed and remanded the BLM's initial decision for further review. In so
20   doing, the IBLA required the BLM to make a determination of whether the land should be
21   classified as open to the DLE. *Bobby L. Franklin*, 116 IBLA 29, 31, 1990 WL 308036 (1990).
22   In compliance with the instructions in the 1990 IBLA decision, a mineral report
23   was completed on the property by the BLM. The report showed that the property was mineral in
24   character and thus Plaintiff's DLE application for the property was denied. The BLM's decision
25   provided the Plaintiff notice of his appeal rights. (Chatteron's Opp'n Decl. J., Ex. 3, BLM
26   Decision, Nov. 12, 1993). Rather than filing an appeal with the IBLA, Plaintiff filed an action in

AO 72
(Rev. 8/82)

federal court to quiet title to the property. *Franklin v. United States*, No. cv-s-93-01140-PMP-LRL (D. Nev. Nov. 15, 1993). After finding that Plaintiff failed to exhaust his administrative remedies, the Court dismissed the case for lack of subject matter jurisdiction. Plaintiff appealed to the Ninth Circuit, which affirmed the dismissal. *Franklin v. United States*, 46 F.3d 1140 (9th Cir. 1995) (unpublished), *cert. denied*, 516 U.S. 829 (1995).

In 1995, Plaintiff enclosed approximately one acre of the property and began to occupy it. The BLM notified Plaintiff that his enclosure and use of the property was unauthorized and asked that he remove the fence and stop using the property. When Plaintiff failed to do so, the United States filed a trespass action. *United States v. Franklin*, No. cv-s-96-1089-LDG-LRL (D. Nev. 1996). In response, Plaintiff filed a counterclaim asserting ownership to the property and seeking to quiet title. On October 14, 1997, the Court permanently enjoined Plaintiff from further using or occupying the property or from further trespass on any other land owned by the United States and dismissed Plaintiff's counterclaim for lack of subject matter jurisdiction. (Laughlin's Opp'n Decl. J., Ex. D, Dismissal and Injunction Order.)

In 1997, Plaintiff filed his third suit regarding the property. *Franklin v. Bilbray*, No. cv-s-97-037-PMP (D. Nev. 1997). In that action, Plaintiff filed a 42-count complaint against more than twenty defendants. The United States moved to dismiss for a variety of reasons, including lack of subject matter jurisdiction. The Court again granted the United States' motion to dismiss, which was affirmed on appeal to the Ninth Circuit. *Franklin v. Bilbray*, 172 F.3d 56 (9th Cir. 1999) (unpublished), *cert. denied*, 528 U.S. 863 (1999).

In 2004, Plaintiff made another attempt to litigate the BLM's decision that the property was mineral in character. *Franklin v. United States Dep't of the Interior*, 2:04-cv-0128-RLH-PAL (D. Nev. Feb. 2, 2004). In granting the United States' motion to dismiss, the Court held that it "lack[ed] jurisdiction to hear this case for the same reason it lacked jurisdiction to hear [Plaintiff]'s four previous claims arising from the rejection of his DLE claim. [Plaintiff] failed to appeal the 1993 rejection of his claim to the IBLA within 30 days of its issuance and therefore he

1  has failed to exhaust his administrative remedies." *Id.* at Dkt. #18.  The Court further held that
2  even if it had jurisdiction, Plaintiff's claims were barred by the applicable statute of limitations and
3  claim preclusion.  *Id.*  The Ninth Circuit affirmed.  *Franklin v. United States BLM*, 125 F. App'x
4  152 (9th Cir. 2005) (unpublished), *cert. denied*, 546 U.S. 1004 (2005).

5          In November 2005, Plaintiff filed suit in the United States District Court for the
6  District of Arizona against the United States, Assistant United States Attorney Blaine Welsh, and
7  United States District Court Judge Roger L. Hunt, requesting relief from this Court's June 7, 2004,
8  Order under 28 U.S.C. § 1361 and Fed. R. Civ. P. 60(b).  The Arizona court dismissed the
9  complaint with prejudice because it failed to state a claim upon which relief could be granted and
10 ordered that no amended complaint be filed because it would have been futile to do so.  The Ninth
11 Circuit affirmed.  *Franklin v. Welsh*, 189 F. App'x 675 (9th Cir. 2006) (unpublished), *cert. denied*,
12 127 S. Ct. 1277 (2007).

13         In 2006, Plaintiff filed a third-party complaint against the United States seeking yet
14 again to quiet title to the property.  *BWD Props. 2, LLC v. Franklin*, No. 2:06-cv-01499-BES-PAL
15 (D. Nev. Nov. 21, 2006).  The Court dismissed Plaintiff's third-party complaint for a variety of
16 reasons, including lack of subject matter jurisdiction for failing to exhaust his administrative
17 remedies, res judicata, and the running of the statute of limitations.  *Id.* at Dkt. #62.  Plaintiff filed
18 a motion for reconsideration, which was denied.  *Id.* at Dkt. #83.

19         On October 28, 2007, Plaintiff filed the instant action.  Although disguised as a
20 civil rights and *Bivens* action, the Complaint seeks yet again to quiet title on the same property that
21 was at issue in all of Plaintiff's prior lawsuits.  For the following reasons, the Court dismisses the
22 Complaint with prejudice.

23         **DISCUSSION**

24         In this, Plaintiff's seventh lawsuit regarding the denial of his 1988 DLE application,
25 Plaintiff again asserts no basis on which to grant relief.  This Court and others have found that
26 Plaintiff's failure to exhaust his administrative remedies deprives them of subject matter

1  jurisdiction to hear his claim.  Additionally, this Court and others have found that even if it had
2  jurisdiction, Plaintiff's claim would nevertheless be barred by both the statute of limitations and
3  the doctrine of res judicata.  The Court need not explain, yet again, the justifications for its
4  findings.  Plaintiff has no basis on which to seek relief arising from the denial of his application
5  and thus any amendment to his Complaint would be futile.  Additionally, the allegations about the
6  "Hamilton Cult" and his prior arrests are unintelligible.  Accordingly, the case is dismissed with
7  prejudice.  *See Nunes v. Ashcroft*, 375 F.3d 805, 810 (9th Cir. 1990).

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant Woodbury's Motion to Dismiss (#12) is GRANTED.

IT IS FURTHER ORDERED that Defendant Laughlin's Motion to Dismiss (#14) is GRANTED.

IT IS FURTHER ORDERED that Defendant Smitley's Motion to Dismiss (#30) is GRANTED.

IT IS FURTHER ORDERED that Defendant Chatterton and the United States of America's Motion to Dismiss (#38) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Declaratory Judgment (#27) is DENIED.

The Clerk of Court is not yet directed to close the case.

Dated: February 12, 2008.

_____
ROGER L. HUNT
Chief United States District Judge